# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 18-3981 PA (JEMx) | Date | May 15, 2018 |
|---|---|---|---|
| Title | Elise Chandler v. Ford Motor Company, et al. | | |

| Present: The Honorable | PERCY ANDERSON, UNITED STATES DISTRICT JUDGE |
|---|---|

| Renee Fisher | Not Reported | N/A |
|---|---|---|
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:** IN CHAMBERS - COURT ORDER

Before the Court is a Notice of Removal filed by defendant Ford Motor Company ("Defendant") on May 11, 2018. (Docket No. 1.) Defendant asserts that this Court has jurisdiction over the action brought against it by plaintiff Elise Chandler ("Plaintiff") based on the Court's diversity jurisdiction. See 28 U.S.C. § 1332.

Federal courts are courts of limited jurisdiction, having subject matter jurisdiction only over matters authorized by the Constitution and Congress. See, e.g., Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 377, 114 S. Ct. 1673, 1675, 128 L. Ed. 2d 391 (1994). A suit filed in state court may be removed to federal court if the federal court would have had original jurisdiction over the suit. 28 U.S.C. § 1441(a). A removed action must be remanded to state court if the federal court lacks subject matter jurisdiction. 28 U.S.C. § 1447(c). "The burden of establishing federal jurisdiction is on the party seeking removal, and the removal statute is strictly construed against removal jurisdiction." Prize Frize, Inc. v. Matrix (U.S.) Inc., 167 F.3d 1261, 1265 (9th Cir. 1999). "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992).

In attempting to invoke this Court's diversity jurisdiction, Defendant must prove that there is complete diversity of citizenship between the parties and that the amount in controversy exceeds $75,000. 28 U.S.C. § 1332. To establish citizenship for diversity purposes, a natural person must be a citizen of the United States and be domiciled in a particular state. Kantor v. Wellesley Galleries, Ltd., 704 F.2d 1088, 1090 (9th Cir. 1983). Persons are domiciled in the places they reside with the intent to remain or to which they intend to return. See Kanter v. Warner-Lambert Co., 265 F.3d 853, 857 (9th Cir. 2001). For the purposes of diversity jurisdiction, a corporation is a citizen of any state where it is incorporated and of the state where it has its principal place of business. 28 U.S.C. § 1332(c); see also Indus. Tectonics, Inc. v. Aero Alloy, 912 F.2d 1090, 1092 (9th Cir. 1990).

The Notice of Removal alleges that "[a]t the time of the filing of this action and the filing of this Notice of Removal, Defendant Ford Motor Company was and is incorporated in and a citizen of Delaware." (Notice of Removal ¶ 5.) The Notice of Removal does not properly allege Defendant's

JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 18-3981 PA (JEMx) | Date | May 15, 2018 |
|---|---|---|---|
| Title | Elise Chandler v. Ford Motor Company, et al. | | |

citizenship because it has failed to identify Defendant's principal place of business. "Absent unusual circumstances, a party seeking to invoke diversity jurisdiction should be able to allege affirmatively the actual citizenship of the relevant parties." Kanter, 265 F.3d at 857; Bradford v. Mitchell Bros. Truck Lines, 217 F. Supp. 525, 527 (N.D. Cal. 1963) ("A petition [for removal] alleging diversity of citizenship upon information and belief is insufficient."). A defendant is presumed to know the facts surrounding its own citizenship. See, e.g., Dugdale v. Nationwide Mut. Fire Ins. Co., No. Civ. A. 4:05 CV 138, 2006 WL 335628, at *5 (E.D. Va. Feb. 14, 2006) ("[A]lthough . . . a defendant need not investigate a plaintiff's citizenship, certainly a defendant is responsible for knowing its own citizenship, and could not ignore such only to later claim that subsequent documents revealed to the defendant its own citizenship."); Day v. Zimmer, Inc., 636 F. Supp. 451, 453 (N.D.N.Y. 1986) (finding that, even if plaintiff misidentifies a defendant's address, "obviously defendant is in the best position to know its residence for diversity purposes"). As a result of Defendant's failure to allege sufficient facts concerning its own citizenship, the Notice of Removal fails to invoke this Court's diversity jurisdiction.

For the foregoing reasons, Defendant has failed to satisfy its burden of showing that diversity jurisdiction exists over this action. Accordingly, this action is hereby remanded to Los Angeles County Superior Court, Case No. BC703070, for lack of subject matter jurisdiction. See 28 U.S.C. § 1447(c). Defendant's "Ex Parte Application to Stay All Proceedings and Deadlines Pending Determination of Inclusion in Multidistrict Litigation Pending in this District (MDL 2814)" (Docket No. 4) is denied as moot.

IT IS SO ORDERED.